### IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**BRUNSON ROBERTS**                                                                    **PLAINTIFF**
**ADC #127841**
**v.**                                         **Case No. 4:26-cv-00331-KGB**

**DEXTER PAYNE,** *et al.*,                                                      **DEFENDANTS**

### ORDER

Before the Court is the Recommended Disposition ("Recommendation") submitted by United States Magistrate Judge Benecia B. Moore (Dkt. No. 20).  Plaintiff Brunson Roberts objects to the Recommendation (Dkt. Nos. 22; 24).  After careful consideration of the Recommendation and Roberts's objections, and after a *de novo* review of the record, the Court adopts, in part, the Recommendation as this Court's findings of fact and conclusions of law in all respects as supplemented by this Order and dismisses Roberts's complaint (Dkt. No. 20).  The Court declines to adopt the Recommendation with respect to the Recommendation's findings that Roberts's case be dismissed for failure to file an amended complaint on the court-approved form (*Id.*).  The Court writes to supplement the Recommendation and address Roberts's objections (Dkt. Nos. 20; 22; 24).

Also before the Court is Roberts's filing, which the Court construes as a motion for copies (Dkt. No. 23).  The Court grants Roberts's motion for copies and directs the Clerk of Court to send Roberts a copy of the docket sheet in this matter, a copy of his complaint (Dkt. No. 1), first amended complaint (Dkt. No. 16), second amended complaint (Dkt. No. 21), Judge Moore's Recommendation (Dkt. No. 20), and each of Roberts's objections (Dkt. Nos. 22; 24).

### I.     Failure To Comply With Local Rules And Court Orders

Judge Moore recommends the dismissal of Roberts's case because Roberts, despite having been directed to file an amended complaint on the court-approved form on four occasions, had not filed an amended complaint on the court-approved form (Dkt. No. 20, at 4).   Roberts objects to Judge Moore's recommendation and asserts that he has complied to the best of his ability with Judge Moore's prior orders (Dkt. No. 22, at 1–2).  Additionally, on July 2, 2026, shortly after the Recommendation was docketed, the Court received from Roberts an amended complaint on the court-approved form (Dkt. No. 21).  Roberts's amended complaint is dated June 13, 2026 (*Id.*).

Local Rule 9.1 of the Local Rules of the United States District Court for the Eastern and Western Districts of Arkansas provides:

> All actions under 42 U.S.C. § 1983, 28 U.S.C. § 2241, or 28 U.S.C. § 2254 filed in this district by incarcerated persons shall be submitted on the court-approved forms supplied by the Court unless a district judge or magistrate judge, upon finding that the complaint is understandable and that it conforms with local rules and the Federal Rules of Civil Procedure, in his or her discretion, accepts for filing a complaint that is not submitted on the approved form.

Local Rule 9.1.

The Court determines that dismissal based on failure to use the approved form is inappropriate under these circumstances.  First, Roberts has made a good faith effort to comply with Judge Moore's directions.  Indeed, on June 13, 2026, it appears that Roberts attempted to comply with Judge Moore's instruction to submit an amended complaint on the court-approved form (Dkt. Nos. 11; 21).  Second, the Court determines that Roberts's handwritten amended complaint and the amended complaint submitted on the form demonstrate a good faith effort by Roberts to comply with all applicable rules, and, in this Court's discretion, the Court accepts the complaint (Dkt. Nos. 16; 21).

Because the Court determines that Roberts's case should not be dismissed on the basis of his failure to submit an amended complaint on the court-approved form, the Court declines to adopt the Recommendation in full.  Accordingly, the Court turns to Judge Moore's analysis under the Prison Litigation Reform Act's ("PLRA") *in forma pauperis* ("IFP") provision.  28 U.S.C. § 1915.

## II.    IFP Screening

Judge Moore recommends that, even if the Court does not accept her recommendation that Roberts's case be dismissed for failure to comply with the Court's orders, Roberts's case should be dismissed because Roberts is a three-striker who has not paid the filing fee or shown his eligibility to proceed IFP (Dkt. No. 20, at 5).  The Court agrees with Judge Moore's analysis and determines that Roberts is a three-striker who has failed to demonstrate that he was in imminent danger of serious physical injury at the time when he filed his complaint (*Id.*, at 5–6).

Roberts's objections repeat the allegations of imminent harm that Judge Moore addresses in the Recommendation, including the possibility of colon cancer, food issues, chest pains, a lack of heart medicine, and fear of a heart attack (Dkt. Nos. 20, at 6–12; 22, at 2).  While the Court liberally construes Roberts's allegations, like Judge Moore explained, "[t]o satisfy § 1915(g)'s imminent danger exception, the danger must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred."  *Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022).  Roberts's allegations do not plausibly show that he was in imminent danger of serious physical injury *at the time* he filed his complaint on April 6, 2026.

Roberts's allegations, particularly those related to the denial of medication and cancer diagnosis, are concerning.  However, those dangers are wholly unrelated to the legal issues

presented in Roberts's complaint, first amended complaint, or second amended complaint (Dkt. Nos. 1; 16; 21).

The Court repeats Judge Moore's instruction to Roberts:

> [I]f Roberts seeks to pursue his new allegations of wrongdoing—the denial of heart medication and food trays, the lack of an emergency asthma inhaler, the dizziness he is experiencing because of the heat, and a positive colon cancer test—which were not raised in either the original[, first, or second amended] complaint in this case, he may do so by filing a separate lawsuit after exhausting any available administrative remedies. *See* 42 U.S.C. § 1997e(a). In that instance, it would be up to the assigned judges in that case to determine if Roberts's new allegations demonstrate his eligibility to proceed without pre-payment of the fee under 28 U.S.C. § 1915(g).

(Dkt. No. 20, at 14).

Accordingly, the Court overrules Roberts's objections and determines that Roberts may not proceed IFP in this action.

### III.    Conclusion

For the following reasons, the Court denies Roberts's motion to procced IFP. The Court dismisses without prejudice Roberts's complaint, amended complaint, and second amended complaint (Dkt. Nos. 1; 16; 21). The Court grants Roberts's motion for copies and directs the Clerk of Court to send to Roberts a copy of the docket sheet in this matter, a copy of his complaint (Dkt. No. 1), first amended complaint (Dkt. No. 16), second amended complaint (Dkt. No. 21), Judge Moore's Recommendation (Dkt. No. 20), and each of Roberts's objections (Dkt. No. 22; 24). The Court denies as moot Roberts's other pending motions (Dkt. Nos. 5; 9; 14; 15; 18; 19). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an IFP appeal in this action would not be taken in good faith.

4

It is so ordered this 20th day of July, 2026.

_____
Kristine G. Baker
Chief United States District Judge